## KAEHUKUKONA *vs.* AHUNA.

COVENANT.   BEFORE JUDD, J., IN INTERMEDIARY COURT.

FEBRUARY, 1877.

The Court admits parol contemporaneous evidence to explain a patent ambiguity in a lease, so that the Court may be placed as nearly as possible in the situation of the party whose written language is to be interpreted.

. DECISION OF JUDD, J., ON APPEAL FROM POLICE JUSTICE OF HONOLULU.

This action was brought to recover damages for a breach of contract, in that the defendant has deprived the plaintiff of the use of two certain kalo patches to which he claims to be entitled by virtue of an indenture of lease, dated the 1st July, 1873. The case is submitted on the papers filed and the notes of evidence taken by the Police Justice.

In the lease referred to, the plaintiff demises to the defendant for the term of ten years from the 1st January, 1874, a certain tract of land in Makana, Koolauloa, Oahu, at the annual rental of $150. After the "In testimony" clause, the following words were written before the execution:

"Koe nae elua loi, 1 no Malia, 1 no Kulaai, i hoolimalima ia e Ahuna." This would be translated: "Reserving, however, two kalo patches, one of Malia's and one of Kulaai's, which are leased by Ahuna."

It is claimed that as these kalo patches are not the property of the plaintiff, and formed no portion of the estate demised, he could in no sense "reserve" them, especially as they are described in the clause itself as being "leased by Ahuna," the defendant.

Certainly here is a "patent ambiguity," for this clause is so defectively expressed that no Court could gather the intention of the parties from it. It is not a "latent" ambiguity, for it is not the case of a clause intelligible in itself, which extrinsic circumstances have rendered doubtful.

The defendant contends that the evidence submitted is inadmissible under the well-known rules that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of valid written instruments," and that in cases of patent ambiguities, "the declaration of the party cannot be admitted to explain his intention, but the clause will be void for uncertainty." But to every rule there are exceptions; and to the rules above quoted, a well-known exception is that parol evidence may be admitted of the surrounding circumstances, "so that the Court may be placed, as nearly as possible, in the situation of the party whose written language is to be interpreted."

1 Greenleaf on Evidence, §295A: "Every deed ought to be so construed, if it can, that the intent of the parties may prevail and not be defeated." *Worthington vs. Hylyer,* 4 Mass., 205.

It is not until the Court, "placing itself in the situation in which the contracting party stood at the time of executing the instrument, and with full understanding of the force and import of the words, cannot ascertain his meaning and intention from the language of the instrument thus illustrated;" that it is a case of hopeless uncertainty and the instrument inoperative and void. 1 Greenleaf on Evidence, §300.

13

The evidence, therefore, of a previous lease between the same parties, of the same land, in which Ahuna by a special after-written covenant gives to Kaehukukona the use of those kalo patches of Maluaai's and Maria's, for the full term of the lease, i.e., four years from the 1st of January, 1873, is admissible. And the testimony that plaintiff was in possession of these patches at the time of the execution of the new lease is also admissible, for the evidence is merely explanatory of the circumstances in which the plaintiff was situated with reference to the two kalo patches.

Now, the plaintiff reserved "his houses and their foundations," which were in his possession, and why not reserve the two lois, i.e., the Kaluaai loi and the Maria loi, leased by Ahuna of them, also in plaintiff's possession, and which he was holding as a sub-tenant by virtue of the former lease?

It is not an artistic use of language to apply the word "reserve" to what was not the lessor's property, but he had the right of possession of the property under the former lease, and what he meant was that he should retain these lois as long, of course, as Ahuna's could bind them, that is during the continuation of his leases from Kaluaai and Maria. It was necessary to insert such a provision if he wished to retain them, for he could not continue to hold these lois under the first lease, as the making of the new lease would operate as a surrender of the former one.

The clause retaining these lois expressed, in fact, an additional consideration for the lease itself.

The defendant, therefore, has no right to deprive the plaintiff of his use of these kalo patches, and is liable in damages for so doing.

The testimony shows that the crop of kalo had been taken by the plaintiff from the patches at the time the lease under consideration was made, so the measure of damages is what the use of these lois was reasonably worth, not what he could obtain for them to lease them, but what he could reasonably have made keeping them in his possession and expending his own labor

upon them, remembering, also, that this is not an action to recover their possession.

The estimates of value of these patches do not always agree, and they are not very certain.

Without recapitulating this evidence or commenting upon it, I find for the plaintiff in the sum of $100 and costs.

*A. S. Hartwell,* for plaintiff.

*R. F. Bickerton,* for defendant.

Honolulu, February 12th, 1877.